Ayoob v. Cor-Bon et al.          CV-96-464-B    01/31/01

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Dorothy Ayoob, et al.**

   **v.**                                    Civil No. 96-464-B

**Cor-Bon Custom Bullet Co., et al.**



**O R D E R**


     Dorothy Ayoob seeks a new trial of Cor-Bon Custom Bullet
Company's breach of contract claim.   She bases her claim on
"newly discovered evidence," suggesting that she made a $10,000
wire transfer to Cor-Bon which Cor-Bon failed to apply to her
outstanding balance.  She asserts that if this evidence had been
presented to the jury, it would have reduced its award on the
counterclaim by $10,000.  Cor-Bon concedes that Ayoob sent the
wire transfer but contends that it applied the $10,000 to other
invoices, and thus the wire transfer could not have affected the
jury's verdict.  It also argues that the wire transfer evidence
does not qualify as "newly discovered" evidence because it was in

Ayoob's possession prior to trial.  I deny Ayoob's motion.

The First Circuit Court of Appeals has determined that evidence offered in support of a new trial motion will not be treated as newly discovered if the evidence could have been discovered prior to trial by the moving party through the exercise of due diligence.  See Mitchell v. United States, 141 F.3d 8, 18 (1st Cir. 1998).  Here, it is undisputed that Ayoob had the wire transfer evidence in her possession prior to trial.  Further, her only excuse for not producing the evidence earlier is that she claims she did not keep the wire transfer records with her other financial records and she did not recall the wire transfer until the middle of trial when it was too late to admit the evidence without causing Cor-Bon unfair prejudice.  Ordinarily, evidence cannot be treated as newly discovered if it is in the moving party's possession prior to trial even if the moving party is unaware of the evidence or fails to appreciate its significance.  See Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 n.3 (8th Cir. 1994).  Such is the case here.  If Ayoob and her counsel had been reasonably diligent, they would have discovered the wire transfer evidence well before trial.  Thus, Ayoob cannot rely on this evidence to support her new trial

motion regardless of the effect that it might have had on the

jury's verdict if it had been admitted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

January 31, 2001

cc:   Robert Johnson, Esq.
      James Bassett, Esq.
      Mark Connot, Esq.